T.C. Summary Opinion 2002-145


UNITED STATES TAX COURT


VIRGIL CATO, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10753-01S.              Filed November 12, 2002.


Andrew N. Gross, for petitioner.

Pamela L. Mable, for respondent.


DEAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax for 1998 of $1,752, and an addition to tax of $161.70 under section 6651(a)(1). After trial, respondent filed a motion to assert a claim for an increased deficiency. This Court granted respondent's motion. After concessions,[1] the issues that remain for decision are: (1) Whether petitioner is entitled to claim dependency exemption deductions; and (2) whether petitioner is entitled to claim the child tax credit.

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Decatur, Georgia.

## Background

Petitioner married Lillian Cato in 1980. During their marriage they had three children, Shayla, and twins, Keith and Kevin. Petitioner and Ms. Cato divorced on August 12, 1992. The divorce decree states that Ms. Cato "shall be the custodian and residential parent of the three-minor children". The divorce decree also specifies that petitioner is responsible for child support of $800 per month, maintaining dependent health

---

[1] In the notice of deficiency respondent determined that petitioner was not entitled to head of household filing status. Petitioner concedes that he is not entitled to file as a head of household and that he is liable for the addition to tax for failure to file timely his Federal income tax return.

insurance, and maintaining life insurance for the children's benefit. Additionally, the decree established that

> For the tax year 1992, [petitioner] shall be entitled to take all three children as exemptions under his State and Federal filing. Each year thereafter, [petitioner] shall be entitled to the oldest child and one of the youngest children who are twins. These exemptions are strictly contingent upon [petitioner] paying and being current on all child support as previously set out herein.

In 1998, the Superior Court of DeKalb County modified the divorce decree by an Order for Child Support (child support order). The child support order entitled petitioner to claim dependency exemptions for Shayla as a dependent on his State and Federal tax returns for 1997 and 1998. The court entered an Income Deduction Order for petitioner to pay $500 towards his child support arrearage. The child support order further states that any provision of the original divorce decree not specifically modified in the child support order remains in full force and effect.

Petitioner filed his 1998 Federal income tax return as head of household and reported income of $55,785. Petitioner claimed dependency exemption deductions for his daughter and his son Kevin and two child tax credits. Respondent issued a notice of deficiency determining that petitioner is not entitled to head of household filing status, the dependency exemption deduction for his son Kevin, or the child tax credit because he failed to

substantiate his claims.  Respondent has claimed an increased deficiency in his answer alleging that petitioner is not entitled to a dependency exemption deduction or a child tax credit for his daughter.

Discussion

1.  Dependency Exemption Deductions[2]

Section 151(c) allows a taxpayer to deduct an exemption amount for each "dependent" as defined in section 152.  Section 152(a) defines a dependent to include a son or daughter of the taxpayer, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

In the case of a child of divorced parents, section 152(e)(1) provides that if a child receives over half of his support from parents who are divorced under a decree of divorce and the child is in the custody of one or both of his parents for more than one-half of the year, then the child will be treated as receiving over half of his support from the parent having custody for a greater portion of the calendar year.  Section 1.152-4(b), Income Tax Regs., provides that the term "custody" is "determined by the terms of the most recent decree of divorce".  Because the

---

[2] The Court decides this case without regard to the burden of proof.  Accordingly, the Court need not decide whether current sec. 7491(a)(1) is applicable in this case.  See Higbee v. Commissioner, 116 T.C. 438 (2001).

divorce decree grants Ms. Cato full custody of the three children, she is considered their "custodial parent" under section 152(e).  Cafarelli v. Commissioner, T.C. Memo. 1994-265.

Petitioner contends that because he was in compliance with the terms of the divorce decree, as modified by the child support order, he is entitled to the claimed deductions.  Petitioner claims that because he did not miss a monthly child support payment in 1998 and he was current on his payments as required by the child support order he is entitled to the deductions for Shayla and Kevin.  The Court, however, need not discuss the merits of this argument because petitioner, as the noncustodial parent, did not abide by the statutory requirements as explained below.

The requirements of section 152(e) must be met regardless of the language of the State court divorce decree.  See Miller v. Commissioner, 114 T.C. 184 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1200 (10th Cir. 2002).  Petitioner as the "noncustodial parent", is allowed to claim Shayla and Kevin as dependents only if one of the three statutory exceptions in section 152(e) is met.  Under these exceptions, the "noncustodial parent" is treated as providing over half of a child's support if:  (1) Pursuant to section 152(e)(2), the custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year; (2) pursuant to section 152(e)(3),

there is a multiple-support agreement between the parties as provided in section 152(c); or (3) pursuant to section 152(e)(4), there is a qualified pre-1985 instrument providing that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, provided that certain other requisites, not pertinent here, are met.

None of the exceptions applies to this case. A multiple-support agreement was not in effect; the decree of divorce was executed after 1984; and Ms. Cato did not release her claim to the exemptions. In 1998, Ms. Cato did not sign a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or any similar statement substantially in the form of a Form 8332, to release to petitioner her right to claim deductions for certain dependency exemptions. Petitioner did not attach a Form 8332 or anything substantially similar to his Federal tax return for 1998. See Miller v. Commissioner, supra.

Petitioner is unable to show that he complied with the requirements of section 152; thus, the Court sustains respondent's determination that petitioner is not entitled to the dependency exemption deductions for Shayla and Kevin in 1998.

2. Child Tax Credit

Respondent determined that petitioner is not entitled to claim child tax credits on his 1998 return because he is unable to substantiate that any one of his and Ms. Cato's children was a "child" as defined in section 151.

For the taxable year 1998, taxpayers are allowed to claim a tax credit of $400 for each qualifying child.  Sec. 24(a).  Section 24(c)(1) defines a "qualifying child" as any individual if:

> (A) the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year,
>
> (B) such individual has not attained the age of 17 as of the close of the calendar year in which the taxable year of the taxpayer begins, <u>and</u>
>
> (C) such individual bears a relationship to the taxpayer described in section 32(c)(3)(B).  [Emphasis added.]

The plain language of section 24 establishes a three-pronged test to determine whether a taxpayer has a qualifying child.  In effect, if one of the qualifications is not met, the claimed child tax credit must be disallowed.  The first element of the three-pronged test requires that a taxpayer must have been allowed a deduction for that child under section 151.  Sec. 24(c)(1)(A).

Respondent determined that petitioner is not entitled to section 151 dependency exemption deductions for Shayla and Kevin for 1998.  The Court has held that respondent's determination regarding the section 151 deductions are valid.  That holding is dispositive of this issue, and, as a result, the Court sustains respondent's determination regarding the section 24 child tax

credits and holds, because of the plain language of the statute, that petitioner is not entitled to the claimed child tax credits.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155</u>.